Filed 12/15/22  P. v. Corrales CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F083684 |
| Plaintiff and Respondent, | (Super. Ct. No. F21906681) |
| v. | |
| DANIEL ORTEGA CORRALES, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Mueller and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

# INTRODUCTION

A jury convicted appellant Daniel Ortega Corrales of one count of possession or control of child pornography (Pen. Code, § 311.11, subd. (a);[1] count 1). In addition, he was convicted of nine financial crimes involving identity theft and forgery concerning four different victims. The convictions for identity thefts were in counts 2 and 6 under section 530.5, subdivision (a), and in counts 5, 8 and 9 under section 530.5, subdivision (c)(1). The forgery convictions occurred in count 3 under section 475, subdivision (a), and in count 4 under section 470, subdivision (d).[2]

For the possession of child pornography, appellant received an aggravated prison term of three years. In both counts 2 and 6 (identity theft involving different victims), he was sentenced to prison for a consecutive eight months (each was one-third of the subordinate middle term). Concurrent subordinate terms were imposed for the forgery convictions in count 3 and 4. Appellant's total prison sentence was four years four months.[3]

Appellant raises a single sentencing issue on appeal. He contends that his upper term sentence for the child pornography must be vacated and his case remanded for resentencing in light of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). This change in law amended section 1170, subdivision (b). We conclude that the sentence in count 1 was not imposed in compliance with the new law, but the error was harmless. We affirm.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

[2]     In count 4, the jury found true that a forged document/check was worth more than $950. In count 7, the jury found appellant not guilty of committing identity theft (§ 530.5, subd. (a)). In count 10, appellant was convicted of misdemeanor receiving stolen property (§ 496, subd. (a)). In count 11, he was convicted of misdemeanor identity theft (§ 530.5, subd. (c)(1)).

[3]     In counts 3 and 4, the court imposed concurrent prison terms of eight months.

## BACKGROUND

In 2020, law enforcement officers discovered that appellant was in possession of personal financial information belonging to four different victims. None of the four victims ever gave appellant permission to have their personal financial information, such as credit and debit card numbers, checks, and personal identifying information.

During its investigation into the financial crimes, law enforcement discovered images of child erotica and child pornography on appellant's cellular phone. The underaged females depicted in the photographs were as young as five to seven years old, and as old as 14 to 16 years old. In general, the illegal photographs showed the various females displaying their exposed genitals to the camera.

Appellant testified in his own defense. He admitted to the jury that he was a thief, which is how he made his living. He admitted that he had committed identity theft and fraud. He would purchase stolen credit card information over the internet. He explained to the jury how he would use other people's personal identification to conduct fraudulent financial transactions through certain websites.

Although appellant admitted at trial that he had committed the financial crimes, he denied searching for or viewing the child pornography found on his cell phone. He claimed that a friend, Randal, had borrowed his phone. Appellant, however, could not recall Randal's last name.

## DISCUSSION

### I. Appellant Did Not Suffer Prejudice from the Sentencing Error.

Appellant argues that the trial court failed to exercise its sentencing discretion in conformity with Senate Bill 567 because the court did not articulate the factors it relied upon in imposing the upper term in count 1, and the jury did not find those facts true beyond a reasonable doubt.

### A. Background.

Sentencing occurred in this matter on December 10, 2021. The court stated it had received and reviewed the recommendations from the probation department. In relevant part, the probation department had recommended an upper term sentence in count 1. This recommendation was based largely on appellant's prior convictions, his prior prison term, and his unsatisfactory performance on probation or parole.

In count 1, appellant was convicted of violating section 311.11, which is a "wobbler" offense that can be punished either through a sentence in state prison or for a term in county jail. (*In re H.N.* (2022) 76 Cal.App.5th 962, 967.) At sentencing, the defense asked the court to reduce the conviction in count 1 to a misdemeanor. The defense asserted that appellant had no prior convictions for possession of child pornography. Instead, his prior convictions were for resisting arrest, theft and drug offenses. The defense argued that only nine photographs had been admitted at trial that could be classified as child pornography. Those photos had displayed the victim's genitalia, but the photos had not depicted the children engaged in sexual acts.

In response, the prosecutor asserted that nothing in section 311.11 indicated that the number of child pornography images, or their type, should be considered as a mitigating factor. The prosecutor argued that appellant still had a pending felony criminal case, and appellant was showing an increase in criminal conduct even when he had outstanding criminal matters pending against him. Appellant continued to engage in the same or similar behavior. The prosecutor contended that no mitigating facts existed, and the prosecutor asked for the aggravated term.

The court stated it did not look only at "a stand-alone charge." Instead, it looked at appellant's "background" and the totality of the circumstances. The court did not find "any reason" to allow appellant to remain on probation rather than receive a prison commitment. The court stated that appellant's testimony had been "quite concerning" because appellant had "blatantly" admitted serious criminal behavior and was "almost

4.

bragging about it." The court noted that it appeared appellant was "proud" of his own conduct. The court believed it had been "a proud moment" for appellant to explain to the jurors how he takes victims' personal identifying information, and then abuses those people to ruin their credit ratings. The court told appellant, "Your goal is attempting to take that which is not yours."

The court stated that its decision to not reduce the conviction in count 1 to a misdemeanor was based on how appellant had presented himself on the witness stand. According to the court, appellant did not make a remorseful admission, but, rather, "a proud admission. And that is a telling statement of your behavior and your personality." The court stated that appellant was willing to embrace a criminal lifestyle, which was one reason it was denying the motion to reduce the conviction in count 1 to a misdemeanor.

The court also stated that appellant's "background" caused it to believe that a reduction in count 1 was not appropriate. The court noted that it could not exercise its discretion to reduce count 1 to a misdemeanor just looking at that crime by itself. The court indicated that the law was not focused on the number of illegal images or their severity.

The court stated it was denying the defense's request based on all of the evidence that had been presented. The court denied a grant of probation, and it sentenced appellant in count 1 to prison for the aggravated term of three years.

### B. Analysis.

The sentencing triad for a violation of section 311.11, subdivision (a), is either 16 months in county jail, or two or three years in prison. (§ 1170, subd. (h)(1).) When appellant was sentenced in December 2021, the trial court had discretion to select the term that best served the interests of justice. (Former § 1170, subd. (b).) The trial court could consider the circumstances in aggravation or mitigation, "and any other factor reasonably related to the sentencing decision." (Former Cal. Rules of Court, rule

5.

4.420(b).)  The court could rely on "the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing."  (*Ibid.*)

However, in October 2021, Senate Bill 567 was signed into law, which amended section 1170, subdivision (b).  (*People v. Dunn* (2022) 81 Cal.App.5th 394, 402 (*Dunn*).)  Under the current law, the middle term is the presumptive sentence for a term of imprisonment, unless certain circumstances exist.  (*Ibid*.)  Effective January 1, 2022, a trial court may now impose an upper term sentence only where there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term.  (*Ibid*.)  Further, a trier of fact must have found true beyond a reasonable doubt those facts underlying all of the aggravating circumstances, or the defendant must have stipulated to them.  (*Ibid.*)  A court is required to state on the record the facts and reasons for choosing the sentence imposed.  (§ 1170, subd. (b)(5).)

### 1.     *This change in law retroactively applies to appellant.*

The parties agree, as do we, that this change in law applies retroactively to appellant.  Various appellate courts, including a panel from this court, have already concluded that Senate Bill 567 applies retroactively to criminal matters that are not yet final on appeal.  (*Dunn*, *supra*, 81 Cal.App.5th at p. 403; *People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*).)  Because appellant's criminal matter is not yet final, he benefits from Senate Bill 567.

Although respondent concedes that Senate Bill 567 retroactively applies to appellant, respondent argues that a remand should be denied.  According to respondent, any sentencing error was harmless.  Respondent argues that we should follow this court's opinion in *Dunn*, *supra*, 81 Cal.App.5th 394.

In contrast, appellant argues that it cannot be stated with certainty what specific factors the trial court relied upon to justify the upper term in count 1.  Appellant takes the

6.

position that any such factors can only be implied from comments the court made when declining to reduce his conviction in count 1 to a misdemeanor. In general, appellant asks us to follow *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*).

We agree with respondent and we reject appellant's arguments. We conclude that any sentencing error was harmless under both *Dunn* and *Lopez*.[4]

### 2. The approach articulated in Lopez.

In *Lopez*, the Court of Appeal for the Fourth District, Division One, determined that, when a jury is required to find true a sentencing factor beyond a reasonable doubt and the court fails to submit that factor to the jury, that error may be deemed harmless if the reviewing court can conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *every factor* on which the trial court relied in imposing the aggravated sentence. (*Lopez*, *supra*, 78 Cal.App.5th at pp. 465–466.) If the reviewing court cannot reach such a conclusion, the reviewing court should then ask whether it is reasonably probable[5] the trial court would have nevertheless imposed the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors, rather than all of the factors on which it previously relied. (*Lopez*, *supra*, at p. 467, fn. 11.) If the answer to both of these questions is in the negative, a remand is required for the trial court to resentence the defendant. (*Ibid*.)

---

[4]   In a footnote, respondent asserts that, to the extent appellant contends that the trial court erred in failing to provide a specific reason for the imposition of the upper term, that argument is forfeited because appellant failed to object in the trial court below. Appellant does not respond to this argument in his reply brief. We need not address forfeiture because appellant's claim fails on its merits due to a lack of prejudice.

[5]   This standard is taken from *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.)

### 3. *The approach articulated in Dunn.*

Following *Lopez*, this court in *Dunn* likewise held that, if an aggravated sentence was imposed in violation of Senate Bill 567, any error can be deemed harmless pursuant to a two-step analysis. (*Dunn*, *supra*, 81 Cal.App.5th at p. 401.) The *Dunn* court, however, disagreed with *Lopez* in one aspect. Instead of requiring a finding beyond a reasonable doubt that the jury would have found true *all* aggravating factors beyond a reasonable doubt, *Dunn* holds that a reviewing court need only conclude beyond a reasonable doubt that the jury would have found true beyond a reasonable doubt the facts underlying *at least one aggravating circumstance* supporting the imposition of the upper term. (*Dunn*, *supra*, at p. 401.) If so, then regarding the remaining aggravating factors (if any) which the trial court originally relied upon, the issue is whether the reviewing court can then state that there is a reasonable probability the jury would have found the remaining aggravating circumstance(s) true beyond a reasonable doubt. If these questions are resolved in the affirmative, then the sentencing error may be deemed harmless.[6] (*Dunn*, *supra*, 81 Cal.App.5th at p. 401.)

The *Dunn* court explained in detail why it did not agree with *Lopez*'s holding that the federal standard of review under *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*) must be applied to *all* aggravating circumstances. We do not recreate that full discussion here. In general, however, *Dunn* was concerned that *Lopez* had not provided a full and clear explanation for its holding. (*Dunn*, *supra*, 81 Cal.App.5th at pp. 408–409.) Moreover, *Dunn* noted that the California Supreme Court in *People v. Sandoval* (2007) 41 Cal.4th 825 holds that at least one aggravating factor must be proven

---

[6] The *Dunn* court clarified that, in order to reach the second step of the analysis, the reviewing court must conclude beyond a reasonable doubt that the jury would have found at least one aggravating circumstance true beyond a reasonable doubt. Otherwise, the sentence violates the Sixth Amendment of the United States Constitution. (*Dunn*, *supra*, 81 Cal.App.5th at p. 401, fn. 5.) In relevant part, the Sixth Amendment declares that an accused person in a criminal trial has the right to a speedy and public trial by an impartial jury.

to the *Chapman* harmless error standard to satisfy the Sixth Amendment of the United States Constitution, but ordinary errors of state law are subject to review pursuant to *People v. Watson*, *supra*, 46 Cal.2d 818. (*Dunn*, *supra*, 81 Cal.App.5th at p. 409, citing *People v. Sandoval*, *supra*, 41 Cal.4th at p. 839.) Accordingly, *Dunn* holds that a minimum of one aggravating circumstance must be reviewed pursuant to *Chapman*, but the remaining aggravating circumstances (if any) involve only a state-created right to a jury trial that must be reviewed pursuant to *People v. Watson*. (*Dunn*, *supra*, 81 Cal.App.5th at p. 409.)

Regarding the final step of the analysis, *Dunn* followed a similar approach to *Lopez*. According to *Dunn*, if at least one aggravating circumstance would have been found true but all aggravating circumstances would not have been found true, the reviewing court then asks whether there is a reasonable probability the trial court would have imposed the upper term sentence in light of the aggravating circumstances provable from the record. (*Dunn*, *supra*, 81 Cal.App.5th at p. 401.) If the answer is in the affirmative, the sentencing error may be deemed harmless.[7] (*Dunn*, *supra*, 81 Cal.App.5th at p. 401.)

### 4. *This matter.*

Appellant notes that the trial court never specifically articulated the factors it used to justify the upper term sentence. Appellant further notes that, when denying the motion

---

[7] Both *Dunn* and *Lopez* disagreed with an earlier opinion, *Flores*, *supra*, 75 Cal.App.5th 495, which had analyzed whether the changes under Senate Bill 567 were amenable to harmless error analysis. In *Flores*, the Court of Appeal for the First Appellate District, Division Three, held that sentencing error under Senate Bill 567 could be deemed harmless if a reviewing court can conclude beyond a reasonable doubt that the jurors would have found true beyond a reasonable doubt *at least one aggravating circumstance* had it been submitted to them. (*Flores*, *supra*, 75 Cal.App.5th at p. 500.) Both *Dunn* and *Lopez* criticized *Flores*'s approach, finding it too narrow. (See *Dunn*, *supra*, 81 Cal.App.5th at p. 408; *Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.) In this matter, neither party relies on *Flores*, which does not factor into our analysis.

to reduce the conviction in count 1, the court never expressly referred to his prior criminal convictions, but, instead, only generally mentioned his "background." Appellant asserts that he did not stipulate to his own lack of remorse and the jury did not make such a finding. According to appellant, it is speculative to determine what factors the sentencing court may have relied upon to impose the aggravated sentence. As such, appellant contends that it is difficult, if not impossible, to determine whether it can be stated beyond a reasonable doubt whether the jury would have found one aggravating circumstance true beyond a reasonable doubt. He argues that, either under *Lopez* or *Dunn*, this matter must be remanded for resentencing. We disagree.

We need not do a full analysis using the multiple steps articulated in either *Lopez* or *Dunn*. Instead, this sentencing record overwhelmingly demonstrates that the trial court imposed the upper term sentence, at least in part, based on appellant's prior criminal history, and we can state beyond a reasonable doubt that the jury would have found this aggravating factor true beyond a reasonable doubt. It is also readily apparent that the court would impose the same upper term based on that factor if this sentence were remanded.

We reject appellant's assertion that it is not clear if the court imposed the upper term because of his criminal history. To the contrary, the court specifically mentioned appellant's "background" twice when denying the motion to reduce the conviction in count 1 to a misdemeanor. Immediately after denying that motion, the court imposed the upper term. The prosecutor had asked for the upper term based on appellant's ongoing criminal conduct and the lack of mitigating factors. In large part, the probation department had recommended the upper term based on appellant's prior criminal behavior, and his unsatisfactory performance on probation or parole. The court stated it had received and reviewed that recommendation. Thus, it is abundantly clear from the totality of this record how and why the court imposed the upper term.

10.

Appellant admitted to the jury that he has a criminal history. He testified that he had five prior convictions for grand theft auto, and at least one conviction for "evading." He explained that, when he was in a stolen vehicle, he would "go on a high speed chase." When asked if he had any other offenses not related to auto theft, he answered, "Grand theft person. That was a conviction." He told the jury that he was 32 years old at the time of trial, and his first conviction had occurred about nine years before. He explained how he had purchased stolen credit card information multiple times, which he used to facilitate fraudulent transactions. He told the jury that he was a "fraudster" who regularly committed fraud to make his living.

The report from the probation department details that appellant has approximately six prior felony convictions involving vehicle theft, grand theft from a person, burglary, evading police, and receiving stolen property (a vehicle). These felony convictions started in 2012, with the last two incurring in 2016. During this time period, he also sustained misdemeanor convictions for resisting an officer, possession of drug paraphernalia, and possession of burglary tools. On three different occasions, appellant served time in local prison. In 2017, he had a violation of postrelease community supervision.

It is overwhelmingly apparent that the jury would have found true beyond any reasonable doubt that appellant is a career criminal and a recidivist offender. Thus, we can declare beyond any reasonable doubt that the jury would have found true this factor in aggravation. Therefore, appellant's sentence does not violate the Sixth Amendment of the United States Constitution. (*Dunn*, *supra*, 81 Cal.App.5th at p. 401, fn. 5.)

We reject appellant's contention that resentencing is required. To the contrary, the prosecution requested the upper term in count 1, which the probation department had recommended. The trial court's comments at sentencing expressed a clear concern about appellant's past conduct. Thus, we can state that there is no reasonable probability the trial court would have imposed a different term even if it had only considered appellant's

11.

prior criminal history.  Therefore, this sentencing error is harmless and remand is not appropriate.  (*Dunn*, *supra*, 81 Cal.App.5th at p. 401.)

Finally, our conclusion is not altered even if we rely on *Lopez*'s approach.  It is overwhelmingly apparent that the trial court would have nevertheless imposed the upper term if it had recognized that it could only rely on appellant's criminal history as a factor in aggravation.[8]  (See *Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.)  As such, even under *Lopez*, the sentencing error is harmless and remand is not required because the record clearly indicates that, if this matter were remanded, the court would still impose the upper term.  (*Id.* at p. 467.)  Accordingly, this claim is without merit.

### DISPOSITION

The judgment is affirmed.

---

[8]    We need not resolve the parties' disputed points regarding whether or not the jury would have found true beyond a reasonable doubt that appellant did not express remorse when testifying, or whether he was boastful or proud of his criminal conduct.  That issue is moot because it is overwhelmingly apparent that the trial court would have nevertheless imposed the same upper term sentence even if it had only considered appellant's criminal background.  Thus, under both *Lopez* and *Dunn*, any sentencing error was harmless.  (*Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.)